McGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
JUSTIN L. LEE
Assistant U.S. Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:18-MC-00071-TLN-AC |
|---|---|
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $20,000.00 IN U.S. CURRENCY, | |
| APPROXIMATELY $12,442.00 IN U.S. CURRENCY, AND | |
| APPROXIMATELY $5,658.21 IN U.S. CURRENCY, | |
| Defendants. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On or about January 28, 2016, agents with the Drug Enforcement Administration ("DEA") executed a federal search warrant and an arrest warrant for Jorge Vega-Macias ("Vega-Macias" or "claimant") at his residence located at 4717 D Parkway, Sacramento, CA. Agents seized Approximately $20,000.00 in U.S. Currency, Approximately $12,442.00 in U.S. Currency, and Approximately $5,658.21 in U.S. Currency (hereafter the "defendant currency").

2. Claimants Vega-Macias and Sandy Mishan Elfarra ("claimant") do not dispute the United States' representation that it could show at a forfeiture trial the following: In 2015 and 2016, Vicente Velazquez, Pedro Fuentes, Jorge Vega-Macias, and others were involved in a conspiracy to distribute

1

methamphetamine. As part of the conspiracy, individuals associated with and supplied by the conspiracy, distributed methamphetamine in Butte, Sutter, Yuba, and Sacramento Counties. As part of the investigation of this drug trafficking organization, law enforcement received authorization to intercept calls on cellular telephones used by members of the conspiracy.

3. Claimants do not dispute the United States' representation that it could show at a forfeiture trial that on January 28, 2016, law enforcement officers executed a federal search warrant at Vega-Macias' residence at 4717 D Parkway, Sacramento, CA. During execution of the search warrant, law enforcement officers seized Approximately $20,000.00 in U.S. Currency inside the top kitchen cabinet, Approximately $12,442.00 in U.S. Currency inside an open Pampers box in the closet in the hallway, and Approximately $5,658.21 in U.S. Currency inside three separate shopping bags in the master bedroom. The currency is proceeds from drug trafficking.

4. On February 11, 2016, an Indictment was filed in the Eastern District of California charging Vicente Velazquez, Pedro Fuentes, Jorge Vega-Macias, and others with Conspiracy to Distribute Methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and Distribution of Methamphetamine in violation of 21 U.S.C. § 841(a)(1), among other drug violations. The Indictment contained a Forfeiture Allegation that included the defendant currency. The United States and Vega-Macias entered into a plea agreement wherein he agreed to sign this Stipulation for Consent Judgment of Forfeiture forfeiting his right, title, and interest in the defendant currency.

5. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

6. Without admitting the truth of the factual assertions contained above, claimants specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimants agree that an adequate factual basis exists to support forfeiture of the defendant currency. Claimants acknowledged that they are the sole owners of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimants shall hold harmless and indemnify the United States, as set forth below.

7. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as

this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

8. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

9. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. All right, title, and interest of Jorge Vega-Macias and Sandy Mishan Elfarra in the following assets, plus any accrued interest, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law:

   i. Approximately $20,000.00 in U.S. Currency,
   ii. Approximately $12,442.00 in U.S. Currency, and
   iii. Approximately $5,658.21 in U.S. Currency.

3. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimants waived the provisions of California Civil Code § 1542.

4. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

5. All parties will bear their own costs and attorney's fees.

IT IS SO ORDERED

Dated: May 11, 2018

_____
Troy L. Nunley
United States District Judge